IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW PHYE and ELI OBED ESPARZA, )<br>)<br>        Plaintiffs, )<br>)<br>v.    )<br>)<br>DAVID THILL, et al.,   )<br>)<br>        Defendants. )<br>_____) | **CIVIL ACTION**<br><br>No.  06-1309-MLB |

### MEMORANDUM AND ORDER

This case comes before the court on defendants' motion to dismiss. (Doc. 27). The motion has been fully briefed and is ripe for decision. (Docs. 28, 32, 33). Defendants' motion is granted for the reasons herein.

In their complaint, plaintiffs have stated claims against various employees of the City of Great Bend in both their individual and official capacities. The complaint caption also includes "THE CITY OF GREAT BEND, KANSAS, as the employer and principal for the above named defendants." All claims set out in the complaint state that they are applicable to "all defendants." (Doc. 1). The individual defendants move to dismiss the claims against them in their official capacities as duplicative of the claim against the City of Great Bend, Kansas. Plaintiffs respond that the City was "not named as a co-defendant for the § 1983 causes of action." (Doc. 32 at 2).

### Analysis

"[O]fficial-capacity suits generally represent only another way of pleading an action against an entity of which an officer is an

agent." Monell v. New York City Dep't of Soc. Servs., 436 U.S. 658, 690 n. 55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985).

Plaintiffs' complaint clearly lists the City of Great Bend as a defendant and their section 1983 claim is stated against all defendants in this action.  They have served the City, and the City has filed an Answer. Plaintiffs' claims against the individual defendants in their official capacities are therefore redundant. See Smith v. Bd. of County Comm'rs, 216 F. Supp 2d 1209, 1219-20 (D. Kan. 2002) (dismissing a § 1983 claim against a sheriff in his official capacity when the Board of County Commissioners was also a party); Burns v. Bd. of County Comm'rs, 197 F. Supp.2d 1278, 1296-97 (D. Kan. 2002) (noting that if a motion to dismiss were not moot, the court would dismiss a § 1983 claim against the defendants in their official capacities because the Board of County Commissioners was also a party); see also Miller v. Brungardt, 916 F. Supp. 1096, 1098 (D. Kan. 1996) (holding that it was duplicative for a plaintiff to bring a Title VII claim against both an employer and a supervisor in his official capacity).

Accordingly, in the interest of judicial economy and efficiency, the court dismisses the claims against the individual defendants in their official capacities.

A motion for reconsideration of this order is not encouraged. The standards governing motions to reconsider are well established. A motion to reconsider is appropriate where the court has obviously

misapprehended a party's position or the facts or applicable law, or where the party produces new evidence that could not have been obtained through the exercise of reasonable diligence. Revisiting the issues already addressed is not the purpose of a motion to reconsider and advancing new arguments or supporting facts which were otherwise available for presentation when the original motion was briefed or argued is inappropriate. Comeau v. Rupp, 810 F. Supp. 1172 (D. Kan. 1992). Any such motion shall not exceed three pages and shall strictly comply with the standards enunciated by this court in Comeau v. Rupp. The response to any motion for reconsideration shall not exceed three pages. No reply shall be filed.

IT IS SO ORDERED.

Dated this   21st   day of February 2007, at Wichita, Kansas.

>                                    s/ Monti Belot
>                                    Monti L. Belot
>                                    UNITED STATES DISTRICT JUDGE