# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

MATTHEW PHYE and )
ELI OBED ESPARAZA, )
  )
        Plaintiffs, )
  )
v. ) Case No. 06-1309-MLB
  )
DAVID THILL, *et al.*, )
  )
        Defendants. )
_____ )

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Motion for Order Allowing Plaintiffs to Take Depositions by Telephone. (Doc. 102.) Defendants City of Great Bend, Michael S. Brown and Tom Holmes responded to and opposed the motion by a memorandum filed on August 22, 2007. (Docs. 106.) Subsequently, Defendants Sunflower Bank and David Thill filed a brief adopting the arguments made by the City of Great Bend. (Doc. 109.) As of the filing of this opinion, Plaintiff had not filed a reply. Plaintiff has fourteen (14) days to file such a reply. D. Kan. Rule 6.1(d)(1). Therefore, the time has expired for reply to the brief filed by the City of Great Bend. While Plaintiff might argue that it still had time to reply to the brief by Sunflower, the Court will not await any

such reply because the deposition which is in dispute is scheduled to occur on September 10, 2007. (Doc. 102 at ¶ 1.)

Plaintiffs seek permission to depose two witnesses by telephone from their locations in Mexico. The Court previously authorized court reporter Lee Ann Bates to administer oaths to these witnesses, who were to be deposed telephonically. (Doc. 100.) In seeking that previous Order, however, Plaintiffs' counsel did not inform the Court where Ms. Bates would be located in relation to the witnesses at the time the oaths were to be administered. (*See* Doc. 98.)

Federal Rule of Civil Procedure 28(b) states that "depositions may be taken in a foreign country . . . before a person authorized to administer oaths in the place where the examination is held . . . or . . . before a person commissioned by the court, and a person so commissioned shall have the power by virtue of the commission to administer any necessary oath and take testimony." Telephonic depositions are considered "taken . . . at the place where the deponent is to answer questions." Fed.R.Civ.P. 30(b)(7).

Case law interpreting the rules, including a decision from this District, unequivocally holds that a telephonic deposition is considered "taken" at the location of the witness, not the location of the parties' attorneys. **Ranger Ins. Co. v. Taylor**, No. 88-2477-0, 1989 WL 116068, at * 1 (D. Kan. Sept.28, 1989) (deposition of witness in another state). *See also*, **Loucas G. Matsas Salvage**

*&Towage Maritime Co. v. M/T COLD SPRING I*, Nos. 96-0621, 96-0931, 1997 WL 102491 (E.D.La. March 5, 1997) (striking deposition testimony taken by telephone of witness located in Poland while court reporter who administered oath was in Louisiana); *Clem v. Allied Van Lines Int'l Corp.*, 102 F.R.D. 938, 940 (S.D.N.Y. 1984) (deposition of witness in Iran). Thus, the depositions of the witnesses at issue will be "taken" in Mexico.

 The Court must also, however, determine the definition of the word "before" in the context of the relevant rules. Defendants argue that the use of "before" in Fed.R.28 (b) – in that "depositions may be taken in a foreign country . . . before a person authorized to administer oaths" – "requires that the witness and the person administering the oath be at the same location." (Doc. 106, at 3.) Case law on this issue, while not abundant, is clear. "Rule 28(b) specifically requires that the witness testify 'before' an official, i.e., at the same place as the official, and that the official be authorized to administer oaths where the examination is held." *Loucas G. Matsas Salvage &Towage Maritime Co.*, 1997 WL 102491, at *2 (citing *United States v. Ruiz-Castro*, 92 F.3d 1519, 1532-33 (5th Cir.1996) (holding that a telephonic deposition of witness located in Mexico was improper under Rule 28(b) because witness "could not be sworn under oath" unless he was "before" a person authorized to administer oaths)).

The Court is satisfied that this interpretation of the rule serves a valid purpose. If the witness and the person administering the oath are not in the same location and are communicating only by telephone, it would be impossible for the witness's identity and reliability to be verified prior to the deposition. *See* ***U.S. v. Tolliver***, 61 F.3d 1189, 1206 (5th Cir.1995), *vacated and remanded on other grounds sub nom.* ***Sterling v. U.S.***, 516 U.S. 1105, 116 S.Ct. 900, 133 L.Ed.2d 834 (1996).

Plaintiffs' motion (Doc. 102) is, therefore, **DENIED**, without prejudice. Plaintiffs may request that the Court revisit this issue in the event they propose procedures to ensure any subsequently noticed deposition will comply with Rule 28(b) as more thoroughly described herein.[1]

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 7th day of September, 2007.

s/ DONALD W. BOSTWICK
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE

---

[1] At this time the Court does not need to reach the other arguments by Defendants that the depositions should not be allowed to proceed because Plaintiffs have not complied with Fed. R. Civ. P. 26(a)(1) and that the anticipated testimony of the two witnesses is not calculated to lead to the discovery of admissible evidence. Defendants may re-assert these defenses if Plaintiffs seek to re-notice the two depositions.