# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MATTHEW PHYE and ELI OBED ESPARAZA, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 06-1309-MLB<br>) |
| DAVID THILL, *et al.*, | )<br>) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

Before the Court is Plaintiffs' Second Motion to Amend Civil Complaint. (Doc. 73.) The City Defendants[1] jointly filed a brief in opposition (Doc. 77), as did Defendants Sunflower Bank and David Thill[2] (Doc. 82). Rather than filing a reply, Plaintiffs filed a "Supplemental Brief in Support of Their Second Motion to Amend Civil Complaint," which added factual references which were allegedly unavailable when the original motion was filed. (Doc. 96, at 2.) The City Defendants filed a response (Doc. 101), as did the Bank Defendants (Doc.

---

[1] The City Defendants consist of City of Great Bend, Michael S. Brown, Wayne Henneke, Keith Fritz, David Keeler, Danny Reynolds, Tom Holmes, and Francis Simmons.

[2] Sunflower Bank and David Thill are hereinafter referred to as the Bank Defendants.

99). Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiffs' motion and supplemental brief.

## BACKGROUND

Plaintiffs filed their Complaint (Doc. 1) on October 18, 2006. They bring various causes of action against the Defendants resulting from the alleged seizure of Plaintiffs' personal property when Defendants removed items from a parcel of real estate owned by William Farris. Farris, who is not a party to this litigation, had defaulted on loans to Defendant Sunflower Bank. Thereafter, acting on an Order for Replevin, the Bank contracted with the City to remove items from Farris's lot that were believed to be subject to the Bank's security interest. Plaintiffs allege their personal property was included in the items the City removed at the Bank's direction.

Plaintiffs filed their First Motion to Amend on March 12, 2007, "to amend the complaint so that all references" to Sunflower Bank in any form "are, in fact, references to Defendant Sunflower Bank, N.A." (Doc. 37, at ¶ 4.) On March 19, 2007, Plaintiffs filed an additional motion to amend, which they entitled "Motion to Substitute Plaintiffs' Corrected First Amended Civil Complaint for Plaintiffs' First Amended Civil Complaint." (Doc. 42.) The motion sought leave to amend the complaint in order to correct, and make

consistent, various references to Sunflower Bank. (*Id*., at ¶ 2.) By text entry (Doc. 43), the Court found Plaintiffs' first motion (Doc. 37) to be moot and granted Plaintiffs' additional motion (Doc. 42).

Plaintiffs' most recent motion to amend requests leave to add Director of Public Works Donald Craig as an individually-named Defendant, to include claims for punitive damages against the Defendants, and to remove certain of the individually-named Defendants from the case. (Doc. 73.) Plaintiffs subsequently filed a "Supplemental Brief in Support of Their Second Motion to Amend Civil Complaint," which added factual references which were allegedly unavailable when the original motion was filed. (Doc. 96, at 2.)

## DISCUSSION

The City Defendants and Bank Defendants object only to Plaintiffs' request add claims for punitive damages, arguing that it should be denied as futile. (Doc. 77, at 1-2; Doc. 82, at 2.) The City Defendants indicate they will address Plaintiffs' motion to add Don Craig as a Defendant in a separate motion for summary judgment. Further, Defendants do not oppose the removal of Wayne Henneke, Keith Fritz, David Keeler, Danny Reynolds, and Francis Simmons as Defendants. Thus, Plaintiffs' motion is **GRANTED** to the extent it seeks to add Don Craig as an individually-named Defendant and to remove

these listed individuals as Defendants.

Plaintiffs' motion to amend (Doc. 73) was filed on June 8, 2007, a week after the Court's deadline to move for leave to join additional parties or otherwise amend the pleadings. (Doc. 45, at § III. a.) Plaintiffs' supplement was filed on August 7, 2007. (Doc. 96.) While Defendants do not oppose Plaintiffs filing their motion to amend outside the deadline in the Court's Scheduling Order (*see* Doc. 73, ¶ 6; Doc. 96, ¶ 6), the agreement of the parties is not determinative. *Cf.* **Deghand v. Wal-Mart Stores, Inc.**, 904 F.Supp. 1218, 1220 (D. Kan. 1995) (holding that lack of prejudice to the nonmovant alone does not establish good cause).

Accordingly, the Court will treat Plaintiffs' motion as a motion to amend the Scheduling Order to allow the late filing of an amended complaint. *See* **Denmon v. Runyon**, 151 F.R.D. 404, 407 (D. Kan. 1993) (stating that a motion to amend filed after the deadline established in the scheduling order must meet the standards of Fed. R. Civ. P. 16(b)). Fed. R. Civ. P. 16(b) provides that the Scheduling Order "shall not be modified except upon a showing of good cause and by leave of the . . . magistrate judge." To establish "good cause," the moving party must show that the scheduling order's deadline could not have been met with diligence. **Denmon**, 151 F.R.D. at 407.

Plaintiffs contend that they first acquired evidence relevant to their potential claim for punitive damages during deposition discovery that apparently occurred in May, 2007. (Doc. 73, at ¶¶ 1, 4.) Plaintiffs have failed, however, to provide any reason why, upon receipt of this evidence, they were unable to bring the present motion by the deadline in the Scheduling Order or to request an extension of the deadline. As such, Plaintiffs cannot establish good cause for filing the present motion beyond the deadline contained in the Scheduling Order.

Even if the Court applied the more lenient standard under Fed. R. Civ. P. 15(a), Plaintiffs' motion would still fail. Rule 15(a) controls amended and supplemental pleadings. It provides that leave to amend "**shall be freely given** when justice so requires." *Id*. (Emphasis added.) The Supreme Court has declared that this is a "mandate," which "is to be heeded." **Foman v. Davis**, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Id*.; *see also* **Frank v.**

***U.S. West, Inc.***, 3 F.3d 1357, 1365 (10th Cir. 1993).  Even so, the grant or denial of a motion for leave to amend is within the discretion of the Court.  *Id.*

As stated previously, the Defendants argue that Plaintiffs' motion to amend to add a claim for punitive damages should be denied as futile.  The City Defendants contend that punitive damages against a city are prohibited under 42 U.S.C. § 1983 and Kansas law.  The Court agrees.  ***Dill v. City of Edmond, Okl.***, 155 F.3d 1193, 1210 (10th Cir. 1998); K.S.A. § 75-6105(c).  Plaintiffs' motion to add a claim for punitive damages against the City is, therefore, **DENIED**.

Plaintiffs could, however, maintain a claim for punitive damages under Kansas law against the individually-named employees of the City, who were acting within the scope of their employment, but only "for any act or omission of the employee because of actual fraud or actual malice."  K.S.A. § 75-6105(c).  The standard is similar for claims brought pursuant to 42 U.S.C. § 1983, where punitive damages are available only for conduct of the individual employees which is "shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."  ***Smith v. Wade***, 461 U.S. 30, 56, 103 S.Ct. 1625, 75 L.Ed.2d 632 (1983).

Plaintiffs contend that as a result of deposition discovery, they "acquired evidence that Defendants acted in a willful, wanton, fraudulent or malicious manner toward Plaintiffs, and that Plaintiffs could prove such, by clear and convincing evidence," thus entitling them to punitive damages. (Doc. 96, at 3.) According to Plaintiffs, such evidence includes deposition testimony stating, in part, that the City did not follow proper procedure for its actions, that there was no ordinance authorizing the City's action, that the City had never cleaned up property as a sub-contractor prior to the events at issue, and that the seizure of property was not limited to farm equipment as described in the alleged security interest. (*Id.*, at 3-5.)

The City Defendants counter that Plaintiffs have failed to provide "evidence that any City employee knew or suspected that Sunflower Bank's claimed right to the property was defective." (Doc. 101, at 2.) According to these Defendants, "[a]t worst, defendants took property of plaintiffs under a mistaken belief it was owned by Southwest Bank." (*Id.*) Thus, the question becomes whether the City Defendants acted "under a mistaken belief" or "callous indifference" to Plaintiffs' rights.

The Court is not convinced that Plaintiffs have shown that they can provide adequate evidence of evil motive or callous indifference by the City

Defendants to sustain a claim for punitive damages at trial.

> [A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

***Bell Atlantic Corp. v. Twombly***, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007) (internal citations omitted).  Therefore, the Court finds that Plaintiffs have not met the burden for this portion of their motion to amend. The Court thus **DENIES** Plaintiffs' motion to bring a claim for punitive damages against the individually-named City Defendants.

Plaintiffs have also moved to include a claim for punitive damages against the Bank Defendants.  Plaintiffs point to deposition testimony that Defendant Thill gave instructions that the property was to be "clean[ed] off completely, except for the vehicles."  (Doc. 96-5, pg. 27:12-14.)  According to Plaintiff, this encompassed items such as trash, which was beyond the farm equipment in which the Bank had a security interest.  (Doc. 96, at 4.)

These general allegations, even if taken as true, do not establish that Thill or the Bank acted with evil motive or intent *as to Plaintiffs*, nor do these general

allegations sufficiently establish reckless or callous indifference *to Plaintiffs' rights*. In fact, Plaintiffs have failed to establish that Thill or the Bank were even aware of their existence. Moreover, the allegation that Thill engaged in a "scorched earth policy" on removal of items from the lot owned by Farris (first raised by Plaintiffs in their "supplemental" brief) is refuted by evidence that Thill specifically directed that items clearly not subject to the Bank's security interest – titled vehicles – were not to be removed. (*See* Doc. 77, at 4, ¶ 14.) The Court therefore **DENIES** Plaintiffs' motion to the extent it seeks to add a claim for punitive damages against the Bank Defendants.

IT IS THEREFORE ORDERED that Plaintiffs' motion to amend is **DENIED in part** and **GRANTED in part**.

IT IS ORDERED that Plaintiffs' motion is **GRANTED** to the extent it seeks to add Don Craig as an individually-named Defendant and to remove Wayne Henneke, Keith Fritz, David Keeler, Danny Reynolds, and Francis Simmons as individually-named Defendants.

IT IS FURTHER ORDERED that Plaintiffs' motion is **DENIED** to the extent it seeks to add claims for punitive damages against any of the named Defendants.

IT IS FURTHER ORDERED that Plaintiffs' proposed Amended Complaint shall be modified in accordance with the rulings set out in this Order and, as modified, shall be filed by Plaintiffs within ten (10) days of this Order.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 21st day of November, 2007.

                                            s/   DONALD W. BOSTWICK
                                            DONALD W. BOSTWICK
                                            U.S. MAGISTRATE JUDGE