### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ELI OBED ESPARZA,          ) | |
|                  ) | |
|          Plaintiff,     ) | |
|                  ) | |
| v.                       ) | Case No. 06-1309-MLB |
|                  ) | |
| DAVID THILL, *et al.*,         ) | |
|                  ) | |
|          Defendants.    ) | |
| _____ ) | |

## <u>MEMORANDUM AND ORDER</u>

Before the Court are Plaintiff's Motion to Compel Discovery or Extend Discovery Cutoff Date (Doc. 135) and Plaintiff's Motion to Allow Late Filing of Plaintiff's Second Amended Civil Complaint (filed December 18, 2007) (Doc. 145.)  Defendant Sunflower Bank, N.A. has responded in opposition to the Motion to Compel (Doc. 143) and the remaining Defendants have responded in opposition to the Motion to Allow Late Filing (Doc. 146). Plaintiff has filed a reply (Doc. 147) regarding the latter motion, but not the former, and the time to do so has expired.  D. Kan. R. 6.1(d)(1).  Having reviewed the submissions of the parties, the Court is prepared to rule on Plaintiff's motions.

## BACKGROUND

The background of this case is summarized in the Court's Order of
November 21, 2007. (Doc. 131.) That summary will not be repeated, but is
incorporated herein by reference. In that Order, the Court granted in part and
denied in part Plaintiffs' Second Motion to Amend Complaint. Plaintiffs[1] were
given ten (10) days to file the Amended Complaint. For reasons discussed
below, Plaintiff's counsel did not file the Amended Complaint until December
18, 2007 (Doc. 144), necessitating his Motion to Allow Late Filing of Plaintiff's
Second Amended Civil Complaint (Filed December 18, 2007). (Doc. 145.)

The Court's Scheduling Order in this case set a discovery deadline of
September 10, 2007. (Doc. 45, at ¶ II. b.) Plaintiff served discovery requests
on Defendant Sunflower Bank, N.A. (hereinafter "Sunflower"), on May 1,
2007, including a request for documentation "related to any and all loans,
judgments, court proceedings, or agreements which pertain, in any manner, to
William Farris," including the order to retrieve property located on the lot at
issue in this case. Sunflower responded on June 1, 2007, by producing certain
documents while also stating that it would make other documents available for

---

[1] Subsequent to the Court's Order, Matthew Phye, who was an individually-named
Plaintiff, entered a Stipulation of Dismissal of his claims against all Defendants. (Doc.
137.) Thus, Plaintiff Eli Obed Esparza is the only remaining Plaintiff in this matter.

"review, inspection and copying, at a time mutually convenient for the parties." (Doc. 143, at 3.)

Plaintiff contends that the first "mutually convenient" time for him to review the documents was on October 8, 2007, more than four months after he received Sunflower's written discovery responses.  Apparently, however, Plaintiff did not even inquire about reviewing the documents at issue until September 6, 2007, more than three months after Sunflower's written discovery responses were served.  (Doc. 143-2, at 2.)  On October 19, 2007, Defense counsel sent to Plaintiff the documents his counsel had marked for copying during the October 8 inspection.  (Doc. 143, at 4.)  Plaintiff's counsel reviewed the documents on October 22, 2007, "for purposes of ascertaining information concerning Sunflower Bank, N.A.'s receipts."  (Doc. 135, at 2.)

Plaintiff contends that upon review of the documents, "[t]here was no record of any receipt in the court file (despite multiple receipts), nor was there any record of a monetary judgment."  (*Id.*, at 2-3.)  Plaintiff did not, however, file his Motion to Compel until November 29, 2007.  (Doc. 135.)

Sunflower reviewed the documents at issue "to determine whether it had indeed made available for inspection copies of its accounting documents" regarding the loan to Farris.  (Doc. 143, at 4.)  Sunflower determined that

3

additional accounting documents were included in those produced to and

inspected by Plaintiff, but that Plaintiff "did not request that these particular

documents be copied." (*Id.*)  Therefore, on December 12, 2007, defense

counsel sent a complete copy of its accounting documents to Plaintiff.[2]  (*Id.*)

      The Court entered its Pretrial Order in this matter on December 10, 2007.

(Doc. 139.)[3]  The Pretrial specifically states that

> [d]iscovery is complete with the exception that
> plaintiff is attempting to discover when witnesses who
> reside in Mexico may be in the United States, and
> plaintiff would move to take their depositions as has
> been previously discussed in briefs filed with the
> Court.
>
>      Unopposed discovery may continue after the
> deadline for completion of discovery so long as it does
> not delay the briefing of or filing on dispositive
> motions, or other pretrial preparations.  Under these
> circumstances, the parties may conduct discovery
> beyond the deadline for completion of discovery if all
> parties are in agreement to do so, but the court will not
> be available to resolve any disputes that arise during
> the course of this extended discovery.

---

[2]  Sunflower inquired of Plaintiff's counsel to determine if this additional
production resolved the issues in Plaintiff's Motion to Compel.  As of the filing of
Sunflower's response on December 13, 2007, Plaintiff's counsel had not answered this
inquiry.  As previously noted, Plaintiff did not file a reply to Defendant's response and
the time to do so has expired.  D.Kan. Rule 6.1(d)(1).

[3]  The parties submitted a proposed pretrial order to Judge Belot prior to November
26, 2007.  *See*  Doc. 132 (November 26 letter from Judge Belot requiring changes to the
proposed order by December 6).

(*Id*., at 23.)

## <u>DISCUSSION</u>

**I.      Plaintiff's Motion to Compel Discovery or Extend Discovery Cutoff Date (Doc. 135).**

Plaintiff moves the Court for an Order compelling Defendant Sunflower Bank, N.A. to comply with his second Requests for Production or extending the discovery deadline to allow Plaintiff to serve additional discovery requests. (Doc. 135, at 1.)  Defendant argues that the time has expired for Plaintiff to object.

D. Kan. Rule 37.1 governs the time for filing discovery motions.  It states that

> [a]ny motion to compel discovery . . . shall be filed and served within 30 days of the default or service of the response, answer or objection which is the subject of the motion, unless the time for filing of such motion is extended for good cause shown.  Otherwise the objection to the default, response, answer, or objection shall be waived.

*Id*., at § (b).  The Scheduling Order filed March 29, 2007, also incorporates and restates this language from D. Kan. Rule 37.1(b).  (Doc. 45 at ¶ IIIe). Sunflower served its discovery responses on June 1, 2007 – almost six full months before Plaintiff filed the present Motion to Compel.  Thus, any motion to compel concerning these discovery responses would have been due on or

before July 2, 2007.  Prior to that time, Plaintiff never requested that the 30 day period for filing motions to compel be extended.[4]  Moreover, the Pretrial Order is in place and unequivocally states that discovery is complete, other than as it relates potential depositions of witnesses who are currently in Mexico.  (Doc. 139, at 23.)  Defendants have also filed for Summary Judgment based on the completed discovery.  (Docs. 123, 125, 129.)

Under the facts of this case, Plaintiff has clearly waived any right to object to the discovery responses served months ago pursuant to the requirements of D. Kan. Rule 37.1.  Furthermore, notwithstanding this waiver, Plaintiff has wholly failed to show any good cause that would justify modifying the discovery cutoff date set in the scheduling order.  Therefore Plaintiff's motion to compel and/or to extend the discovery cutoff to allow service of additional discovery (Doc. 135) is DENIED.

## II.    Plaintiff's Motion to Allow Late Filing of Plaintiff's Second

---

[4]  As previously noted, Plaintiff apparently never contacted Sunflower about reviewing their documents until September 6, 2007.  (Doc. 143 at 3 ¶ 5).  Plaintiff did not review the documents until October 8, 2007.  While Plaintiff states that this was the "first time mutually convenient" for the document inspection to have occurred (Doc. 135, at 2), this appears to be an unduly long delay in pursuing discovery, particularly where the parties knew that the discovery cutoff was September 10, 2007.  *See* Doc. 45.  Moreover, Plaintiff did not even file the Motion to Compel within 30 days of the October 8, 2007, document inspection or within 30 days of October 22, 2007, the date on which Plaintiff reviewed the documents that Sunflower had copied and sent to Plaintiff's counsel.  There is no explanation as to why there was such a continued delay in attending to this issue.

**Amended Civil Complaint (Filed December 18, 2007) (Doc. 145)**.

Pursuant to the Court's Memorandum and Order filed November 21, 2007, Plaintiff was to file his Second Amended Complaint (as revised to comply with the rulings made in the Order) within ten (10) days of the date of the Order. (Doc. 131 at 10.) Accounting for intermittent holidays and weekends, as well as an additional three days pursuant to Fed. R. Civ. P. 5(b)(2)(E), Plaintiff calculates that the Amended Complaint was to have been filed on or before December 11, 2007. (Doc. 147, at 1-2.) The Amended Complaint was not filed, however, until December 18, 2007. (Doc. 144.)

D. Kan. Rule 6.1 governs motions for extensions of time. It states that "[e]xtensions will not be granted unless the motion is made before the expiration of the specified time, except upon a showing of excusable neglect." It is undisputed that Plaintiff's motion was filed after the specified time to file his Amended Complaint had expired. Thus, the Court must determine whether he has therefore established "excusable neglect."

Plaintiff contends that he was unable to file within the allotted time because of the ice storm that occurred on "the late afternoon and night of December 10, 2007," in Pratt County, Kansas, where Plaintiff's counsel's offices are located. (Doc. 145, at 2.) The storm resulted in a temporary loss of

7

power and, thus, internet access for Plaintiff's counsel.  (*Id*.)  Plaintiff's counsel

needed to disconnect their computers from the power supply in the following

days "to avoid damage during several occasions while the office had power, as

the power was intermittent."  (*Id*.)  Plaintiff also contends that a snow storm

occurred several days after the ice storm, resulting in additional power outage to

his office.  (*Id*.)

     Sunflower does not dispute the occurrence of either of the storms, nor

does defense counsel deny that Plaintiff's counsel was intermittently without

electricity at relevant times.  Rather, Sunflower offers a different calculation of

the deadline for filing the Amended Complaint.  Without discussing the

relevant Federal Rules, Sunflower argues that Plaintiff's time expired on either

December 6 or 10, 2007.  (Doc. 146, at 2.)

     Sunflower argues that the power outages are "immaterial" because

"Plaintiff's time within which to file the second amended complaint had either

expired or was only hours before expiration when the ice storm occurred."  (*Id*.)

Sunflower continues that "Plaintiff's motion never suggests that the second

amended complaint would have been filed on December 10 if the ice storm had

not occurred nor does the motion demonstrate that December 18 was the earliest

possible date that the complaint could have been filed after restoration of

8

power."  (*Id*.)

While the Court believes that Plaintiff has not correctly calculated the "additional" 3-day period allowed by Fed. R. Civ. P. 6(e) (effective through December 1, 2007) or by the newly revised Rule 6(d) (effective December 1, 2007), because Plaintiff adds three "business days" rather than three calendar days,[5] the court considers the difference to be immaterial for purposes of determining whether Plaintiff's late filing should be allowed due to excusable neglect.  It is undisputed that the relevant storms caused a significant disruption to Plaintiff's counsel and others in that area for several days.  Although counsel may have waited until the last minute to revise the amended complaint, the Court is satisfied that the circumstances in this case constitute the type of excusable neglect contemplated by D. Kan. R. 6.1.

Further, defense counsel has not even suggested that allowing the filing of the Second Amended Complaint would result in undue prejudice to any

---

[5] The Advisory Committee Comments to the 2005 Amendments to Rule 6 note that when adding the three days after the prescribed period otherwise expires, "[i]ntermediate Saturdays, Sundays, and legal holiday are <u>included</u> in counting these added three days." (emphasis added).  An example provided in the comments demonstrates this calculation when the prescribed period otherwise ends on a Friday. Following the committee's guidance, it appears in this case that the 10 days otherwise expired on Thursday, December 6, and adding three days makes the deadline Sunday, December 9, which is therefore extended to the next business day which is Monday, December 10.

defendant.  Considering the rulings in the Court's November 21, 2007, Order allowing that pleading, defendants should have been well aware of the contents of the Second Amended Complaint before it was filed.  Plaintiff's Motion to Allow Late Filing of Plaintiff's Second Amended Civil Complaint (Doc. 145) is, therefore, GRANTED.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Compel Discovery or Extend Discovery Cutoff Date (Doc. 135) is **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Motion to Allow Late Filing of Plaintiff's Second Amended Civil Complaint (Filed December 18, 2007) (Doc. 145) is **GRANTED**.  The Court notes that Plaintiff previously filed this pleading on December 18, 2007.  (Doc. 144.)

**IT IS SO ORDERED**.

Dated at Wichita, Kansas this 31st day of December, 2007.

  s/  DONALD W. BOSTWICK  
DONALD W. BOSTWICK
U.S. MAGISTRATE JUDGE